CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
December 17, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Patricia Lynn Wright, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:25-cv-00145 |
| | ) | |
| Patrick Berrang *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on *pro se* Plaintiff Patricia Lynn Wright's "emergency motion for temporary restraining order," (Dkt. 2), and "complaint for emergency injunctive relief," which the court also construes as a motion for a temporary restraining order, ("TRO Motion" (Dkt. 1)). Wright alleges that she faces imminent eviction from her property and seeks injunctive relief under 42 U.S.C. § 1983 against several named and unnamed defendants.

The court is familiar with Wright and the multiple cases she has removed to and filed before this court involving the same property that is at the center of her complaint in this instant case. *See Wright v. Select Bank, et al.*, No. 5:25-cv-21 (W.D. Va. 2025); *Berrang v. Wright*, 5:25-cv-56 (W.D. Va. 2025); *Wright v. Berrang, et al.*, 5:25-cv-70826 (W.D. Va. 2025); and *Highland Capital Trust v. Dowd, et al.*, 5:25-mc-11 (W.D. Va. 2025). While the court is sympathetic to Wright's circumstances, the court has explained on several occasions that—as a federal court—it lacks the power to halt Wright's state eviction proceedings. The same is

true today. Because Wright has not shown a likelihood of success on the merits of her § 1983 claims, the court will deny Wright's motions for a temporary restraining order.

## I.     Background

The following facts are taken from Wright's TRO Motion and presumed true for the purposes of resolving the motions.

Wright "resides in [a] property that is the subject of state-court eviction proceedings" in Highland County, Virginia. (TRO Mot. at ¶ 13.) In May 2025, an unnamed state court issued a "written order . . . that has since been relied upon to pursue enforcement, including eviction." (*Id.* at ¶ 15.) On December 16, 2025, an unnamed state court held a hearing in which the court did not stay eviction proceedings against Wright's property. (*Id.* at ¶ 16.) Wright alleges that she now faces "immediate eviction, with enforcement expected to occur within hours, not days." (*Id.* at ¶ 17.)

On December 17, 2025, Wright filed the present motions, seeking "emergency injunctive relief" under § 1983 "to prevent imminent eviction and related enforcement actions." (*Id.* at ¶ 1.) Wright names several defendants: Patrick Berrang, the plaintiff in the underlying state eviction proceeding; Jeffrey Ward and Melissa Dowd, two attorneys "involved in pursuing" Wright's eviction; Robert Kelly, the sheriff of Highland County, Virginia, in his official capacity; and "John/Jane Does 1–10," "unknown officers or agents involved in the enforcement." (*Id.* at ¶¶ 7–12.)

Though not clear from her motions, Wright seemingly alleges that she will experience a procedural due process violation should the eviction proceed. (*Id.* at ¶ 25 ("Defendants are acting under color of state law to enforce eviction and related actions that will deprive Plaintiff

of property and liberty interests without a meaningful opportunity for review.").) Specifically, Wright suggests that she will be deprived of an opportunity to appeal the outcome of the December 16 state court hearing. (*Id.* at ¶ 1 (seeking "emergency injunctive relief to prevent imminent eviction and related enforcement actions that will occur . . . before any court can conduct meaningful review.")

## II.    Standard of Review

The court must liberally construe pleadings filed by a *pro se* party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, liberal construction "does not transform the court into an advocate" for pro se parties. *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990). Pro se parties, like all litigants, must comply with the pleading requirements in the Federal Rules of Civil Procedure. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

A temporary restraining order "is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit." *See Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). To obtain such an injunction, a plaintiff must demonstrate (1) by a "clear showing" that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm without preliminary relief; (3) that the balance of equities tips in her favor; and (4) that a preliminary injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Di Biase*, 872 F.3d at 230. The party seeking the temporary restraining order must establish all four *Winter* factors to obtain injunctive relief. *Cantley v. W. Va. Reg'l Jail & Corr'l Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014). These injunctions should be granted "only sparingly and in limited circumstances." *MicroStrategy Inc.*

*v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991)).

### III.     Analysis

The court will deny Wright's motions for a temporary restraining order, as Wright is not likely to succeed on the merits of her § 1983 claims. *Winter*, 555 U.S. at 20.

In general terms, § 1983 provides a cause of action against "[e]very person" who deprives a citizen of his or her constitutional rights under color of state law. 42 U.S.C. § 1983. Importantly, to state a legally cognizable claim under § 1983, a plaintiff "must establish three elements: (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997).

The court begins with Defendants Patrick Berrang, Jeffrey Ward, and Melissa Dowd. Wright has not alleged any facts showing that these defendants acted "under color of state law." To the contrary, Wright describes each of these individuals as private actors. (TRO Mot. at ¶¶ 8–10 (describing Berrang as the "named plaintiff in the underlying state eviction proceeding" and Ward and Dowd as "attorney[s] involved in pursuing" Wright's eviction).) Because these defendants are not state actors, Wright cannot state a legally cognizable claim under § 1983 against them. *Jenkins*, 119 F.3d at 1159.

Wright's claims against Sheriff Kelly and "Jane/John Does 1–10" will also fail. Kelly is a state actor, and the court will assume the same for "Jane/John Does 1–10" to the extent they are employed by Virginia state entities. But Wright has not alleged that these defendants inflicted an underlying "deprivation of a right secured by the Constitution or a federal statute."

*Id.* Specifically, even if eviction proceedings occur before Wright can appeal the state court hearing, this would not result in a due process violation. *Parks v. Cnty. of Los Angeles Child Support Servs. Div.*, No. 7:09-cv-0075-O, 2009 WL 2207927, at *3 (N.D. Tex. July 23, 2009) ("There is no federal constitutional or federal statutory right to appeal a civil action in a state court.") (cleaned up). For this reason, Wright does not state a § 1983 claim against Kelly and John/Jane Does 1–10.

### IV.   Conclusion

For the foregoing reasons, the court will deny Wright's motions for a temporary restraining order.

As a parting matter, the court notes that federal courts may issue pre-filing injunctions pursuant to 28 U.S.C. § 1651 in cases like this one. The court informed Wright in its previous cases that it lacks jurisdiction to stop the state court's proceeding. The court warns Wright that, while a pre-filing injunction is a "drastic remedy" and should "be used sparingly," *Bui v. Smyth*, No. 1:23-CV-1224, 2024 WL 1076247, at *2 (E.D. Va. Mar. 12, 2024) (citations omitted), it will consider issuing such an injunction should Wright continue filing frivolous and duplicative suits involving the same subject matter.

An appropriate Order will issue.

**ENTERED** this 17th day of December, 2025.

*/s/ Jasmine H. Yoon*
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE